IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

GARRY McCRINK, SR., and CHERYL McCRINK :
Individually, and as Personal Representatives :
Of the Estate of Garry M. McCrink, Jr. and :
CHERYL McCRINK :
 :
 vs. : No. 2:04-CV-01068-LDD
 :
PEOPLES BENEFIT LIFE INSURANCE COMPANY :

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S OBJECTIONS AND
COMPEL DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS**

   Plaintiffs, by and through their undersigned counsel, hereby file the following Motion to Strike Objections and Compel Discovery Responses and Production of Documents and, in support thereof, aver as follows:

**BACKGROUND**

   1.  This matter arises out of a claim for breach of contract and bad faith, as set forth in Plaintiffs' Complaint, for, *inter alia*, Defendant's handling of Plaintiffs' claim and denial of death benefits.

   2.  At all times material hereto, Garry McCrink, Jr. was a named insured under a group policy issued by Defendant Peoples Benefit Group Insurance Trust (hereinafter "Peoples Benefit") which was effective August 2, 2001.

   3.  The Peoples Benefit Policy was in full force and effect on June 3, 2002 at which time Garry McCrink, Jr. was a certificate holder under the aforementioned insurance policy entitling him to an accidental death benefit of $100,000.

   4.  On or about June 7, 2001, Garry McCrink, Jr.  executed a form prepared by the Defendant, naming his mother, Plaintiff Cheryl McCrink as Beneficiary.

5.      On or about June 3, 2002, Garry McCrink, Jr. was a pedestrian who was struck by a motor vehicle operated by Pavel Bucalov while at or near the intersection of Bustleton Avenue and Laura Lane in the City and County of Philadelphia.

6.      As a result of the aforementioned motor vehicle accident, Garry McCrink, Jr. sustained fatal injuries and died on June 3, 2002.

7.      Witnesses provided statements that Garry McCrink, Jr. was not "operating" a motorcycle at the time of the subject accident although he owned a motorcycle that was at the scene of the accident.

8.      Despite repeated demands for payment of the accidental death benefit due and owing the Plaintiffs, Defendant has refused to make payment under the above insurance policy.

9.      Plaintiffs provided all necessary information relating to the circumstances of the accident which resulted in Garry McCrink, Jr.'s death in order to enable the Defendant to properly investigate the claim and exercise its obligations under the contract.

10.     Despite the above, by letter dated January 7, 2003 (mistakenly dated January 7, "2002"), and again by letter dated December 8, 2003, Defendant, Peoples Benefit denied payment of the $100,000.00 benefit due and owing the beneficiaries of Garry McCrink, Jr. as the result of his accidental death.

11.     By failing to pay the benefits due and owing, Defendant is in breach of the insurance agreement.

12.     As set forth in Plaintiffs' Complaint, Defendant has engaged in bad faith conduct towards the Plaintiffs and has treated the Plaintiffs unreasonably and unfairly with respect to Defendant's determination of whether benefits were due and owing under the policy.

13. Defendant's bad faith conduct as committed by its agents, employees, workmen or servants, included, *inter alia*, the following (the allegations are set forth in greater detail in Plaintiffs' Complaint ):

(a) Refusing to pay the accidental death benefit proceeds under the policy without a reasonable basis;

(b) By refusing and/or failing to conduct an adequate and complete investigation of Plaintiffs' claims before denying Plaintiffs' claim initially on January 7, 2003;

(c) By failing and/or refusing to interview eye witnesses whose names, addresses and phone numbers were identified on the original police report dated June 3, 2002, before denying Plaintiffs' claim;

(d) By failing and/or refusing to make any reasonable, concerted or diligent effort to interview the identified eyewitnesses for over 15 months after the date of Garry McCrink, Jr.'s accident and death, and 10 months after already denying Plaintiffs' claim;

(e) By failing to obtain the legal opinion of counsel relating to application and interpretation of the term "operation" prior to denying Plaintiffs' claims in January 2003;

(f) By failing to research and survey legal precedent or case law related to the interpretation of the term "operation" prior to denying Plaintiffs' claims on January 7, 2003, despite the fact that the term was undefined within the policy at issue;

(g) By failing to obtain the legal opinion of counsel relating to application and interpretation of the term "operation" prior to denying Plaintiffs' claims on December 8, 2003;

(h)     By failing to research and survey legal precedent or case law related to the interpretation of the term "operation" prior to denying Plaintiffs' claims on December 8, 2003, despite the fact that the term was undefined within the policy at issue;

(i)     By interpreting ambiguous policy provisions or exclusions in its favor and as against Plaintiffs in an unreasonable manner and against the weight of the case law in Pennsylvania and other jurisdictions, even after obtaining evidence in July, October and November of 2003 which made evident that Garry McCrink, Jr. was not "operating" a motorcycle at the time of the June 3, 2002 accident;

(j)     By recklessly disregarding Plaintiffs' rights under the contract and denying Plaintiffs' claims despite knowing Defendant had no reasonable basis for denial of the claim;

(k)     In refusing to promptly and fairly interview witnesses whose names were known to the Defendant, who Defendant knew or suspected would have a version of the underlying accident which was unfavorable to the Defendant, and would therefore implicate coverage;

(l)     By relying upon ambiguous and undefined provisions and terms within the policy including, but not limited to, the definition and meaning of the word "operating" as contained within a policy exclusion relating to the operation of motorcycles;

(m)     By failing to investigate how the term "operating" as set forth within its exclusion relating to motorcycles has been interpreted by courts of this Commonwealth and other jurisdictions;

(n)     By failing to consult with counsel or other legal authority in determining a proper definition for the word "operating" as set forth within the exclusion under its policy prior to denying coverage.

(o)     By acting out of ill will for Plaintiffs or predominately in Defendant's own financial interest without giving proper consideration of the rights of Plaintiffs;

(p)     By improperly relying upon a policy provision and policy terminology which are undefined within Defendant's own policy of insurance to deny Plaintiffs' claim.

14.     Peoples Benefit has denied benefits to Plaintiffs based upon an exclusion in the policy related to the "operation" of a motorcycle yet the term "operate" is not defined anywhere within the policy.

## DISCOVERY

15.     On or about May 24, 2004, Plaintiffs served Interrogatories and Request for Production of Documents upon counsel for Defendant Peoples Benefit.

16.     The discovery included, *inter alia*, questions pertaining to Defendant's investigation of the claim including the meaning of the term "operate" as used within the subject policy.

17.     On June 23, 2004, Defendant provided Answers to the Interrogatories and Request for Production of Documents.  A true and correct copy of the Interrogatories and Defendant's Responses are attached hereto as Exhibit A.  A true and correct copy of the Request for Production of Documents and Defendant's Answers to the Request for Production of Documents are attached hereto as Exhibit B.

18.     However, Defendant objected to discovery that related to seeking of counsel or legal opinions or definitions or case law related to the claim and the meaning and definition of the word "operate" as used in the policy exclusion.

19.     Defendant also objected to all discovery pertaining to the applicability of the subject motorcycle exclusion claiming privileges based upon the attorney-client privilege and/or work product privilege.

20.     Plaintiffs will be prejudiced without this information and require an Order of Court to strike the objections and compel production of the requested discovery.

21.     By letters dated July 13 and 14, 2004, counsel for Plaintiffs requested a copy of all documents required to be disclosed with Defendant's self-executing disclosures as well as a privilege log to determine what documents were withheld from production in answers to discovery. True and correct copies of the letters are attached hereto as Exhibit C.

22.     Subsequently, by letter dated July 20, 2004, counsel for Plaintiffs again requested a privilege log and addressed the objections raised by Defendant in its Response to Plaintiffs' discovery requests and requested that Defendant withdraw the objections and answer the discovery.  A true and correct copy of the July 20, 2004 correspondence is attached hereto Exhibit D.

23.     By letter dated July 22, 2004 counsel for Defendant forwarded correspondence addressing many of discovery issues raised by counsel for Plaintiffs; however, Defendant maintained the objections set forth in the Defendant's responses to Plaintiffs' discovery requests. Defendant provided a privilege log at that time. A copy of the July 22, 2004 letter is attached hereto as Exhibit E.

24.     A true and correct copy of Defendant's Privilege Log is attached hereto as Exhibit F.

25.     Counsel for Plaintiffs and counsel for Defendants cannot resolve issues pertaining to discovery without the assistance of the Court.

### **INTERROGATORIES**

26.     Interrogatory No. 1 sets forth the following:  "Do you contend that the Plaintiffs or the deceased, were in breach or violation of any term or condition of the insurance policy which is the

subject of the Complaint?"  Defendant responded "PBLIC objects to this Interrogatory on the basis that it calls for a legal conclusion."

27.     It is the position of Plaintiffs that Interrogatory No. 1 does not call solely for a legal conclusion and that Defendant should be compelled to answer the interrogatory.  As set forth in the Federal Rules of Civil Procedure, and in particular, Federal Rule of Civil Procedure 33(c) and the commentary thereto, an interrogatory is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact.

28.     It is well established pursuant to the Federal Rules of Civil Procedure that an interrogatory is not objectionable merely because it involves an opinion, contention or legal conclusion.  See Diversified Products Corp. v. Sport Center Co., 42 F.R.D. 3, 4 (D. Md. 1967); Penza v. Drexel Burnham Lambert, Inc., 1989 WL 100796 (E.D. Pa. 1989).   The courts have also noted that inquiries which in some measure call for legal conclusions can be useful in sharpening the issues.  Penza, 1989 WL 100796 at *4 citing Donovan v. Porter, 584 F. Supp. 202, 209-210 (D. Md. 1984).

29.     Interrogatory No. 1 does not call for purely a legal conclusion but rather for facts underlying Plaintiffs' claim and reasons for Defendant's denial.  It is improper for Defendant to claim that Interrogatory No. 1 only seeks a legal conclusion.

30.     Plaintiffs also recognize that pursuant to Rule 33(c), the court may order that an interrogatory, if it calls for a legal conclusion, need not be answered until after designated discovery is completed or until a pre-trial conference or other later time; however, Defendant must demonstrate a significant need to delay the response to the discovery request.   Defendant cannot demonstrate a significant need for obtaining an Order delaying a response to Interrogatory No. 1.  Defendant should be compelled to answer Interrogatory No. 1.

31.     Interrogatory No. 2 sets forth the following:  State with particularity, each and every basis for denial of Plaintiffs' claim being relied upon by Defendant in this litigation claim.   In response to

Interrogatory No. 2, in part, Defendant refers Plaintiffs to Defendant's Response to Request for Production of Documents No. 1.  See Exhibits A and B attached hereto. However, Defendant has withheld numerous documents from production as set forth in the privilege log attached hereto as Exhibit F.

32.    All of the documents withheld are being withheld based on the claim of attorney/client privilege and the work product doctrine.  See Exhibit F.  The documents that were withheld or redacted are documents between claims representatives or persons in the claims department and/or in-house counsel for Defendant, and/or memos from claims representatives to the file.

33.    As noted in the privilege log, the subject of all documents withheld pertains to the applicability of the motorcycle exclusion, the investigation of the claim, and as characterized by Defendant, a "threatened bad faith claim."  The subject matter of these withheld or redacted documents is directly related to the present action and is relevant to, and at the very core of the litigation.  It should be noted that the subject Complaint was not filed until February 11, 2004.  All documents that have been withheld pre-date February 11, 2004.  They range in date from November 6, 2002 through December 22, 2003.

34.    If Defendant is not required to produce these documents, Defendant can hide discoverable documents by providing them to an attorney, writing them to an attorney or maintaining them in an attorney's file.  The information being sought by Plaintiffs is not protected by privilege in this matter.  The attorney work product privilege is not applicable where the legal opinion of an attorney (or claims representative) is directly relevant to a cause of action.  In cases such as bad faith where the opinion of counsel is in question there is no work product production afforded, and information pertaining to this request and documents are discoverable. The Birth Center v. St. Paul Companies, 77 A.2d 1144 (Pa. Super. 1999), appeal granted in party by 747 A.2d 858 (Pa. 2000) and decision affirmed by 787 A.2d 376 (Pa. 2001); Nedro v. Pennsylvania National Mutual Casualty Insurance Company, 31

D.&C.3d 456 (1981); General Refractories Co. v. Firemans Fund Insurance Co., Slip Opinion, April Term, 1998, No. 1499, Philadelphia County Court of Common Pleas, April 20, 2000. See also Saldi v. Paul Revere Ins. Co., E.D. Pa. Aug. 2004, No. 99-6563, Judge Surrick.

The Pennsylvania courts have held that in cases such as bad faith or any other action where the legal opinion of a party's counsel is in question, there is no work product protection.  In cases where the legal opinion of a party's attorney is relevant in an action, it is discoverable. The Birth Center v. St. Paul Companies, supra; Nedro v. Pennsylvania National Mutual Casualty Insurance Company, 31 D. & C.3d 456 (1981); General Refractories Co. v. Firemans Fund Insurance Co., Slip Opinion, April Term, 1998, No. 1499, Philadelphia County Court of Common Pleas, April 20, 2000.  The Pennsylvania Superior Court has held that these documents are discoverable in statutory bad faith cases.  See The Birth Center v. St. Paul Companies, supra; General Refractories Co, supra. As this matter concerns allegations of bad faith brought pursuant to the Pa. statute, 42 Pa.C.S.A. § 8371, the above cited cases should provide direction and assistance to this Court in making a determination to compel production of the requested documents.

35.    Interrogatory No. 13 provides in pertinent part:  "State whether Defendant consulted with any attorney for purposes of obtaining a legal opinion as to the meaning of the term 'operating' as it is used in the motorcycle exclusion contained within the insurance policy, between June 3, 2002 and January 7, 2003."  See Exhibit A.  Defendants objected to Interrogatory No. 13 and provided the following response "PBLIC objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client privilege, work produce doctrine, and/or other applicable privileges, and PBLIC will not provide such protected information.  PBLIC further objects to Interrogatory No. 13 on the basis that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."  See Exhibit B.

36.     The information sought by way of Interrogatory No. 13 directly addresses the claim at issue.  Defendant has denied the claim based on Defendant's assertion that Decedent, Garry McCrink, Jr., was "operating" his motorcycle at the time of the accident and, therefore, his "operation" falls within an exclusion to the policy. The Peoples Benefit policy of insurance contains no definition of the term "operate" or "operation." Plaintiffs' allege that Defendant failed to seek such an opinion from legal counsel. Thus, any opinions Defendant obtained as to the meaning of the term "operating," especially as used in the motorcycle exclusion of the subject policy, are not only relevant to, but are at the very heart of this matter, and Defendant should be compelled to produce any such information.

37.     The information being sought by Plaintiffs in Interrogatory No. 13 is not protected by privilege in this matter.  The attorney work product privilege is not applicable where the legal opinion of an attorney (or claims representative) is directly relevant to a cause of action.  In cases such as bad faith where the opinion of counsel is in question there is no work product production afforded, and information pertaining to this request and documents are discoverable.  See numbers 31-36 above for detailed information and supporting authority. However, should this Court determine that the nature of the communications were in fact privileged, Plaintiff should still be permitted production of documents or information that would allow Plaintiff to ascertain whether Defendant sought or obtained an opinion. This information directly concerns the underlying bad faith claim and Defendant's actions in this matter.

38.     Interrogatory No. 14 provides the following:  "Identify by citation any Court decision, legal authority, or secondary source relied upon by the Defendants between June 3, 2002 and January 7, 2003 for determining the meaning of the term 'operating' as used in the exclusion pertaining to the operation of motorcycles as set forth within the insurance policy.  See Exhibit A.  Defendant objected on the grounds of attorney/client privilege, work product doctrine and other applicable privileges and on the basis that the information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  See Exhibit B.  Quite to the contrary, and as set forth above, the definition and

10

meaning of the word "operating" is at issue in this matter, is relevant, and is the basis for Defendant's denial yet the term is not defined in the policy. Therefore, Defendant should be compelled to produce this information at this time.

39.    Interrogatory No. 15  provides the following:  "For any legal or secondary authority set forth in the previous Interrogatory, please identify the source from which the Defendant received such information and the date it was received in relation to this claim during the period of June 3, 2002 and January 7, 2003."  See Exhibit A.  Defendant objected to producing the information requested in the interrogatory, see Exhibit B. However, in the Response to Request for Production of Documents, Defendant produced Document Nos. 112 through 117.  True and correct copies of documents 112-117 are attached hereto as Exhibit G.  These documents relate to Internet searches conducted by Defendant for the definition of the word "operate."  These searches were conducted by Brian J. Smith from Peoples Benefit Life Insurance Company.  This information was confirmed by counsel for Defendant in the July 22, 2004 correspondence at Page 2 attached hereto as Exhibit E.  Accordingly, the information being sought in interrogatory No. 15 is not privileged.  Moreover, to the extent that any privilege existed, Defendant waived the privilege by producing documents in response to the Request for Production of Documents addressing internet searches for the definition of the word "operate."  Defendant should be compelled to produce all documents satisfying this request and be compelled to answer the interrogatory and request for production of documents.

40.    Interrogatory No. 19 provides in pertinent part:  "State whether Defendant consulted with any attorney for purposes of obtaining a legal opinion as to the meaning of the term 'operating' as it is used in the motorcycle exclusion contained within the insurance policy, between January 8, 2003 and July 31, 2003. Defendants objected and provided the same response as provided to Interrogatory No. 13 which is set forth above in this Motion. As set forth above and in the Plaintiffs' Complaint, Plaintiffs allege that Defendant did not seek legal counsel or opinions or research regarding the meaning of the term

"operate" as used in the motorcycle exclusion prior to denying Plaintiffs' claim.  For the reasons set forth above, and in particular in paragraphs 31-36 Defendant should be compelled to provide a response to the Interrogatory.

41.    Interrogatory No. 20 provides the following:  "Identify by citation any Court decision, legal authority, or secondary source relied upon by the Defendants between January 8, 2003 and July 31, 2003 for determining the meaning of the term 'operating' as used in the exclusion pertaining to the operation of motorcycles as set forth within the insurance policy.  Defendant objected and provided the same response as to Interrogatory No. 14. For the reasons set forth above Defendant should be compelled to provide a response to the Interrogatory.

42.    Interrogatory No. 26 provides the following: "State whether Defendant consulted with any attorney for purposes of obtaining a legal opinion as to the meaning of the term "operating" as it is used in the motorcycle exclusion contained within the insurance policy, between August 1, 2003 and December 31, 2003." Defendant objected and provided the same response as to Interrogatory No. 13. For the reasons set forth above Defendant should be compelled to provide a response to the Interrogatory.

43.    Interrogatory No. 27 provides the following: Identify by citation any Court decision, legal authority, or secondary source relied upon by the Defendants between August 1, 2003 and December 31, 2003 for determining the meaning of the term "operating" as used in the exclusion pertaining to the use of motorcycles as set forth within the insurance policy. Defendant objected and provided the same response as to Interrogatory No. 14. For the reasons set forth above Defendant should be compelled to provide a response to the Interrogatory.

44.    Interrogatory No. 30 provides, *inter alia*, whether Defendant ever denied a claim based upon the motorcycle exclusion prior to the denial of Plaintiffs' claim and, if so, to identify specifics with regard to the claims.  See Exhibit A attached hereto.  Defendant objected and alleged the Interrogatory

12

is overly broad and unduly burdensome as worded.  Defendant also alleges the request is not reasonably calculated to lead to the discovery of admissible evidence at the time of trial.  Contrary to Defendant's empty assertions, the Interrogatory is neither overly broad nor without relevance. It is reasonably calculated to lead to the discovery of admissible evidence at the time of trial.  See, Conway v. State Farm Fire & Casualty Company, 1998 U. S. Dist. Lexis 20137 (E.D. Pa. 1998); and Bacher v. Allstate Insurance Company, 2000 U. S. App. Lexis 7156 (3d. Cir. 2000).  Moreover, should the Court require, in order to produce the documents, Plaintiffs will sign a non-disclosure agreement.  The information sought by way of the interrogatory is not protected by any privilege and Defendant should be compelled to produce the information as it is relevant to the subject matter and Defendant's practices, procedures, policies and pattern and practice of operations.

## DOCUMENT PRODUCTION

45.     Request for Production of Documents No. 1 requested any document requested or referred to by Plaintiffs in their Interrogatories to Defendant. Defendant objected by incorporating responses to Interrogatories and by providing documents subject to the documents withheld as set forth in the privilege log. See Exhibits A and B and F attached hereto.  As set forth above, particularly in as set forth in numbers 31-36 above, the information sought is not protected and Defendant should be compelled to produce the entire claims file without redactions or documents being withheld from production.

46.     Plaintiff will be prejudiced without this information and cannot obtain it without an Order of Court.

47.     In response to Request for Production of Documents Nos. 2, 3, 4, 8, 9, 10, 11, 12, 13, 14 15, 22 and 26 Defendant refers Plaintiffs to Response to Request for Production of Documents No. 1. See Exhibits A and B attached hereto.  However, as set forth in greater detail above, the response to Request No. 1 includes Defendant's objections and claims of privilege. As set forth throughout this

Motion, Plaintiffs maintain that the privileges alleged by Defendant, as set forth within the privilege log and responses to discovery, are without merit in this matter and that Defendant should be compelled to produce the documents requested. If required by the Court, the documents should be provided for an in-camera review so that an appropriate determination as to their applicability, relevance, and any privilege, can be properly decided.

48.     Document Request No. 16 provides the following: "Any and all claims or procedural manuals that refer to or relate to procedures utilized for the investigation of claims like the Plaintiffs' or to the interpretation of the insurance contract which is the subject of Plaintiffs' Complaint, including but not limited to, interpretation of the exclusions portion of the policy."  Defendant objected advising that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Contrary to Defendant's assertions, the federal courts have held that definition sections of manuals, as well as other portions of claims manuals, can be relevant if they are related to the facts of the case at issue and if they require adjusters to take certain investigative steps before adjusting a claim.  These issues are clearly relevant in the matter before this court and Defendant should be compelled to produce the requested information.  See Shellenberger v. Chubb Life America, 1996 U. S. Dist. Lexis 2375 (E.D. Pa. 1996), Kaufman v. Nationwide Mutual Insurance Co., 1997 U. S. Dist. Lexis 18530, 1997 WL 703175 (E.D. Pa. 1997), Robertson v. Allstate Insurance Company, 1999 U. S. Dist. Lexis 2991 (E.D. Pa. 1999), Cincinnati Insurance Co. v. Clark, 1992 U. S. Dist. Lexis 2054 (E.D. Pa. 1992).

49.     Request for Production of Documents No. 17 provides in pertinent part the following: "Any and all memoranda, correspondence or other documents related to standards for prompt investigation or file documentation as it relates to investigating claims made under the insurance policy from January 1, 2001 through the present."   Defendant objected to production of the requested documents.  For the reasons set forth regarding Request No. 16 above, Defendant should be compelled to produce the information requested in Request No. 17.

50.    Request for Production of Documents No. 18 provides the following: "Any and all memoranda, correspondence or other documents in the possession of the Defendant, stating its opinions, efforts or practices regarding compliance with the standards set forth in the Unfair Insurance Practices Act in effect from January 1, 2001 through the present." Defendant objected claiming the request is not reasonably calculated to lead to the discovery of admissible evidence at the time of trial. See Exhibits A and B attached hereto. For the reasons set forth in detail above, this request is reasonably calculated to lead to the discovery of admissible evidence at the time of trial and Defendant should be compelled to produce any documents in the possession of Defendant regarding statutory compliance.

51.    Request for Production of Documents No. 20 provides the following in pertinent part: "Any and all correspondence, applications, or written exchanges between the Defendant and the Plaintiffs or the deceased, Gary McCrink, Jr. or the employer of Gary McCrink, Jr. between January 1, 2001 and the present, which relate in any way to the issuance of the policy, the selection of beneficiaries under the policy, the meaning or interpretation of the terms or provisions and exclusions under the policy, including but not limited to any sales, marketing pamphlets or booklets provided to Gary McCrink, Jr., the Plaintiffs or Gary McCrink Jr.'s employer."  Defendant objects to producing the information requested and have advised that the request is not relevant and not reasonably calculated to led to the discovery of admissible evidence.  To the contrary, if there are any documents that address the issuance of the policy, selection of beneficiaries, the meaning or interpretation of terms or provisions and exclusions under the policy, [the exclusions are at issue in this matter] including any sales, marketing pamphlets or booklets provided to decedent, Plaintiffs or Garry McCrink, Jr.'s employer, they would be relevant to the subject litigation and the matter before this court.  Although relevancy is for the court to determine, at the very issue in this case is the meaning of the term "operate" in the motorcycle exclusion and the manner in which Defendant determined those meanings and the manner in which Defendant

investigated the claim.  For Defendant to claim that the requested information is not relevant is disingenuous.

52.    Request for Production of Documents No. 30 provides the following:   "Copies of educational materials used in the training of employees, agents or other claims personnel, or other persons in the position of making coverage decisions in relation to the policy which is the subject of Plaintiffs' Complaint from January 1, 1995 through the present, including materials related to claims investigation."  Defendants object to Request No. 30 advising it was unduly burdensome and because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  To the contrary, the federal courts have held that educational materials and claims materials are often relevant and should be subject to production. See, Shellenberger v. Chubb Life America, 1996 U. S. Dist. Lexis 2375 (E.D. Pa. 1996), Kaufman v. Nationwide Mutual Insurance Co., 1997 U. S. Dist. Lexis 18530, 1997 WL 703175 (E.D. Pa. 1997), Robertson v. Allstate Insurance Company, 1999 U. S. Dist. Lexis 2991 (E.D. Pa. 1999), Cincinnati Insurance Co. v. Clark, 1992 U. S. Dist. Lexis 2054 (E.D. Pa. 1992).  Defendant should be compelled to produce the requested documents.

53.    Request for Production of Documents No. 31 provides the following:   "Copies of Defendant's financial statements, including but not limited to balance sheets and income statements for the past five years."  Defendant objected to producing the requested information.  However, the information is relevant and reasonably calculated to lead to the discovery of admissible evidence at the time of trial.  Moreover, the federal courts have held that insurance companies should produce whatever financial statements they make publicly available for the time period requested as long as that time period is relevant or reasonable.   Accordingly, Defendants should be compelled to produce the information requested in response to Request for Production of Documents No. 31.   See Adams v. Allstate Insurance Company, 189 F.R.D. 331 (E.D. Pa. 1999).

54.     Request for Production of Documents No. 33 provides the following in pertinent part: "Any memoranda, correspondence, documentation, e-mail or electronic communications, and any other file materials exhibiting any legal research performed by Defendant, its in-house counsel, or privately retained counsel, identifying issues, conclusions, advice, recommendations, case law, or prior litigation, involving the issues presented in relation to Plaintiffs' claims including but not limited to the application of the exclusion related to the operation of a motorcycle." Defendant objected to responding to the Request for Production of Documents. There is no privilege protecting this information from production. The exclusion regarding the operation of a motorcycle is of particular relevance in this matter. Moreover, as set forth above, the materials should be produced. The information being sought by Plaintiffs is not protected by privilege in this matter. The attorney work product privilege is not applicable where the legal opinion of an attorney (or claims representative) is directly relevant to a cause of action. In cases such as bad faith where the opinion of counsel is in question there is no work product production afforded, and information pertaining to this request and documents are discoverable. See Numbers 31-36 above.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is respectfully requested that the Court enter the attached Order striking Defendant's objections and compelling responses to the Interrogatories and Request for Production of Documents.

Respectfully submitted,
MAYERS, MENNIES & SHERR, LLP

By:_____
JOSEPH B. MAYERS, ESQUIRE
Attorney for Plaintiffs
I.D. No. 40731
Validation of Signature Code JM1360
3031 Walton Road, Building A
Suite 330, P.O. Box 1547
Blue Bell, PA  19422-0400
(610) 825-0300

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

GARRY McCRINK, SR., and CHERYL McCRINK: 
Individually, and as Personal Representatives :
Of the Estate of Garry M. McCrink, Jr. and         :
CHERYL McCRINK                                              :
                                                                        :
          vs.                                                          :          No. 2:04-CV-01068-LDD
                                                                        :
PEOPLES BENEFIT LIFE INSURANCE COMPANY    :


**ORDER**

    **AND NOW**, this      day of            , 2004, upon consideration of Plaintiffs' Motion to Strike Objections and Compel Discovery Responses and all responses thereto, it is hereby **ORDERED and DECREED** that Plaintiffs' Motion is **GRANTED**.  Defendant's objections to Interrogatory Nos. 1, 2, 13, 14, 15, 19, 20, 26, 27, and 30 and Request for Production of Documents Nos. 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 22, 26, 30, 31, and 33 are hereby stricken.   Defendant is Ordered to answer the Interrogatories and produce the documents in response to the Request for Production of Documents, within ten (10) days of the date of this Order. It is further Ordered that the documents withheld and redacted, as set forth in the Privilege Log, shall be produced, without redactions, within ten (10) days of the date of this Order.

        By the Court,

        _____
                                     J.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion to Strike Defendant's

Objections and Compel Discovery Responses and Production of Documents was served via first-class mail,

postage prepaid, on the following on the date listed below:

Patricia M. Hamill, Esquire
Conrad, O'Brien, Gellman & Rohn, P.C.
1515 Market Street
16th Floor
Philadelphia, PA  19102-1916
*Attorneys for Defendant*


_____
JOSEPH B. MAYERS, ESQUIRE

Dated:_____